UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**MURPHY MARINE SERVICES, INC.**
710 Christiana Avenue
Wilmington, DE 19801

CIVIL ACTION NO.:

*Plaintiff*

*v.*

**M/V CHIQUITA ANGELES**, her engines, machinery, tackle, apparel, etc.

*and*

**CHIQUITA BRANDS COMPANY NORTH AMERICA**
Department #12022
Port of Wilmington
Wilmington, DE 19899

*Defendants*

### VERIFIED COMPLAINT IN ADMIRALTY IN REM AND IN PERSONAM

Plaintiff, Murphy Marine Services, Inc., by and through its attorneys, hereby brings this civil action against Defendants, and in support thereof represents upon information and belief, as follows:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction as this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the special procedures of said Rules relative to admiralty actions, and Plaintiff brings this suit against Defendants under the provisions of 28 U.S.C. §1333.

2. Plaintiff also invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367.

3. Venue lies within this District pursuant to the provisions of 28 U.S.C. §1391 and under the provisions of the General Maritime Law.

## The Parties

4. At all times hereinafter mentioned, Plaintiff, Murphy Marine Services, Inc. (hereinafter "Murphy Marine"), was and still is a corporation organized and existing under the laws of the State of Delaware, with an address and principal place of business as set forth in the caption, and was engaged in providing stevedoring and related services to cargo vessels calling at the Port of Wilmington.

5. Upon information and belief, Defendant, M/V CHIQUITA ANGELES (hereinafter "Vessel"), was and still is a Vessel operated as a common and/or private carrier of goods in ocean transportation and she is now, or will be during the pendency of this action, within the navigable waters of this District and subject to the jurisdiction of this Honorable Court. Specifically, it is anticipated that the Vessel will be docked at the Port of Wilmington during May 21 – 22, 2019.

6. Upon information and belief, Defendant Chiquita Brands Company North America (hereinafter "Chiquita Brands"), was and still is a corporation organized and existing under the laws of the State of Delaware, with an address and principal place of business as set forth in the caption, and was the owner, and/or disponent owner, and/or charterer, and/or manager, and/or operator of the Vessel. Upon information and belief, vessels owned, operated, managed, chartered, possessed and/or controlled by this Defendant have used the ports of the State of Delaware, discharged and loaded cargo therein, been supplied services and stores therein, and Defendant is subject to service of process under the applicable admiralty practice and the statutes of the State of Delaware.

7. On or about March 1, 1999, Murphy Marine and Chiquita Brands entered into a Stevedoring Service Agreement for services to be provided at the Port of Wilmington. (See Exhibit 1.)

8. Upon information and belief, Defendant Chiquita Brands and/or an affiliated company, shipped cargo aboard the Vessel.

<div align="center">

**COUNT I**
(Plaintiff v. M/V CHIQUITA ANGELES, *in rem*)

</div>

9. Plaintiff incorporates the averments contained in paragraphs 1-8, inclusive, with the same force and effect as if fully set forth herein.

10. Plaintiff provided stevedoring services to the Vessel at the Port of Wilmington Delaware on the following dates:

   a. November 21, 2018;

   b. December 4, 5, 18, and 19, 2018;

   c. January 2, 3, 15, 16, 29, and 30, 2019;

   d. February 12, 13, 14, 26, 27, and 28, 2019;

   e. March 12, 13, and 14, 2019.

11. The stevedoring services provided to the Vessel qualify as necessaries and Plaintiff has a maritime lien against the Vessel for the value of said services. 46 U.S.C.A. § 31342; *Maritrend, Inc. v. Serac & Co. (Shipping)*, 348 F.3d 469, 471 (5th Cir. 2003), citing *TTT Stevedores of Texas, Inc. v. M/V JAGAT VIJETA*, 696 F.2d 1135, 1138 (5th Cir.1983) ("[t]here is no question that supplying stevedoring services gives rise to a maritime lien").

12. The total value of the stevedoring services provided to the Vessel on the aforementioned dates is Two Hundred Ninety Nine Thousand Two Hundred Thirty Nine Dollars and Twenty Seven Cents ($299,239.27).

13. The charges for Plaintiff's stevedoring services are fair and reasonable and in accordance with the prevailing rates and duly published Tariffs at the Port of Wilmington, and in accordance with the amounts agreed upon by the parties.

14. Although demand has been duly made, the amount due and owing has not been paid, and Plaintiff hereby asserts its maritime lien against the Vessel, seeking the principal amount of Two Hundred Ninety Nine Thousand Two Hundred Thirty Nine Dollars and Twenty Seven Cents ($299,239.27), together with the interest thereon from the date the services were rendered.

## COUNT II
(Plaintiff v. Chiquita Brands Company North America, *in personam*)

15. Plaintiff incorporates the averments contained in paragraphs 1-8, 10, and 12, inclusive, with the same force and effect as if fully set forth herein.

16. Upon information and belief, Defendant Chiquita Brands Company North America, also was the owner, and/or disponent owner, and/or charterer, and/or manager, and/or operator of the M/V CHIQUITA ANGOL, and it, or an affiliated company, shipped cargo aboard the vessel.

17. Plaintiff provided stevedoring services to the M/V CHIQUITA ANGOL at the Port of Wilmington Delaware on the following dates:

    a. November 27, 2018;

    b. December 11, 12, 26, and 27, 2018;

    c. January 8, 9, 22, and 23, 2019;

    d. February 5, 6, 7 19, 20, and 21, 2019;

    e. March 5, 6, and 7, 2019.

18. The total value of the stevedoring services provided to the M/V CHIQUITA ANGOL on the aforementioned dates is Two Hundred Sixty Nine Thousand Six Hundred Fifteen Dollars and Thirty One Cents ($269,615.31).

19. The charges for Plaintiff's stevedoring services are fair and reasonable and in accordance with the prevailing rates and duly published tariffs at the Port of Wilmington, and in accordance with the amounts agreed upon by the parties.

20. Plaintiff also provided various terminal services to Defendant Chiquita Brands Company North America during the period from November 2018 through March 2019.

21. The total value of the terminal services provided to Defendant Chiquita Brands Company North America is Ninety Eight Thousand One Hundred Dollars and Thirty One Cents ($98,100.31).

22. Plaintiff periodically issued invoices for the stevedoring services provided to the M/V CHIQUITA ANGELES and the M/V CHIQUITA ANGOL, and for the terminal services provided to Defendant Chiquita Brands Company North America. (See Exhibit 2.)

23. The invoices were provided to Defendant Chiquita Brands Company North America.

24. The total value of the stevedoring services and terminal services provided by Plaintiff, as set forth on the invoices, is Six Hundred Sixty Six Thousand Nine Hundred Thirty Dollars and Twenty Cents ($666,930.20).

25. Although demand has been duly made, Defendant Chiquita Brands Company North America has failed to pay the amount due and owing, and Plaintiff hereby asserts its maritime claim, seeking the principal amount of Six Hundred Sixty Six Thousand Nine Hundred Thirty Dollars and Twenty Cents ($666,930.20), together with the interest thereon from the date the services were rendered.

WHEREFORE, Plaintiff, Murphy Marine Services, Inc., prays:

(a) Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the M/V CHIQUITA ANGELES, her engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiff for the damages as aforesaid, with interest, costs and attorney's fees; that the said Vessel be condemned and sold and the proceeds of said sale be brought into this Court and applied to pay Plaintiff the sums found due it.

(b) Process in due form of law according to the practice of this Honorable Court may issue against Defendant Chiquita Brands Company North America, citing it to appear and answer, under oath, all and singular the matters herein.

(c) If Defendant Chiquita Brands Company North America cannot be found within this District, then all of its property, credits and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendant be attached as provided in the Supplemental Rules for

Admiralty or Maritime Claims of the Federal Rules of Civil Procedure in the sum of Four Hundred Ten Thousand Dollars ($700,000,000).

(d) Judgment be entered in favor of Plaintiff and against Defendants, jointly or severally, for the damages as aforesaid, with interest, costs and attorney's fees.

(e) The Court grant such other and further relief to Plaintiff as in law and justice it may be entitled to receive.

REGER RIZZO & DARNALL

Dated: May 22, 2019

BY: /s/ *Arthur D. Kuhl*
Arthur D. Kuhl (#3405)
1523 Concord Pike, Suite 200
Brandywine Plaza East
Wilmington, DE 19803
(302) 477-7100
Fax: (302) 652-3620
E-Mail: AKuhl@regerlaw.com
Attorneys for Plaintiff

AND

Of Counsel:

DEASEY, MAHONEY & VALENTINI, LTD.

George R. Zacharkow
1601 Market Street, Suite 3400
Philadelphia, PA 19103
Phone: (215) 587-9400
Fax: (215) 587-9456
E-Mail: GZacharkow@DMVLawFirm.com


## VERIFICATION BY WAY OF UNSWORN DECLARATION

I am the President of Plaintiff, Murphy Marine Services, Inc. I make this certification pursuant to and in compliance with Rule C of the Supplemental Rules for Admiralty or Maritime Claims.

I am authorized to make this Declaration on behalf of Plaintiff; the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, except as to matters therein stated upon information and belief, and as to these matters, I believe them to be true; the sources of my information and the grounds of my belief are documents in the possession of my company and reports made to me by officers, employees, representatives and agents of Plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 21, 2019 at Wilmington, Delaware.

*/s/ J. Coulahan*
John Coulahan
President, Murphy Marine Services, Inc.